

**SO ORDERED.**

**SIGNED this 01 day of April, 2008.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                                                   CASE NO.

**DONALD JOHN RYAN**                                                    07-02064-5-ATS

      **DEBTOR**

### ORDER REGARDING OBJECTION TO CONFIRMATION

The matter before the court is the objection to confirmation filed by Mutual Security FCU. A hearing took place in Raleigh, North Carolina on April 1, 2008.

Donald John Ryan filed a petition for relief under chapter 13 of the Bankruptcy Code on September 18, 2007. Mutual Security holds a judgment against the debtor with a balance of $20,044.68, and that judgment constitutes a lien on Mr. Ryan's real property. Mr. Ryan owns property at 112 N. Drawbridge Lane in Wake County, and there are three deeds of trust on the real estate. The judgment was filed between the recording of the second and third deeds of trust, and thus Mutual Security holds a third priority position under North Carolina law. The plan proposes to treat Mutual Security's claim as unsecured based on the scheduled value of the property of $244,400. Mutual Security contends that the debtor has grossly undervalued the property and that its claim should be treated as secured. Though not yet scheduled for hearing, Mr. Ryan has filed a

motion to avoid the Mutual Security lien. The parties agree that valuation of the property is an issue that must be addressed on another day.

The question currently before the court is whether, for purposes of § 522(f),[1] the fact that the judgment is higher in priority than the third deed of trust has any bearing on the debtor's ability to avoid the lien. This court has addressed this issue twice, first in In re Shah, Case No. 05-01929-5-ATS (Bankr. E.D.N.C. July 8, 2005), followed by In re Lee, Case No. 05-01680-5-ATS (Bankr. E.D.N.C. July 29, 2005). In those cases, the court held that the application of the statute does not depend on the relative priority of liens.

> It is apparent from the plain language of the statute that judicial liens are to be treated differently from consensual liens, regardless of the relative priorities of judicial (or certain nonpossessory, nonpurchase-money security interests) as opposed to consensual liens.

Shah at 5. Mutual Security contends that this case is distinguishable, because its judgment was obtained by way of a confession of judgment and is therefore a consensual lien.

The fact that the judgment was obtained by confession of judgment does not change the result that its priority does not affect the application of the formula provided in § 522(f). That section provides for the avoidance of "judicial liens," not judgments. Judicial liens are defined in § 110(36) as liens "obtained by judgment, levy, sequestration, or other legal or equitable process or

---

[1] Section 522(f)(1)(A) allows a debtor to avoid a judicial lien to the extent that it impairs an exemption to which the debtor would have been entitled. Section 522(f)(2)(A) provides that "a lien shall be considered to impair an exemption to the extent that the sum of -
    (i) the lien;
    (ii) all other liens on the property; and
    (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
exceeds the value that the debtor's interest in the property would have in the absence of any liens."

proceeding." 11 U.S.C. § 110(36). There is nothing in the statute that would justify treating a judicial lien obtained by confession of judgment differently than any other judicial lien.

Accordingly, the priority of the judgment lien under state law does not change the analysis under § 522(f). Whether the lien may be avoided and the plan confirmed, however, depends on the value of the property. That matter will be considered at a hearing on **Tuesday, May 6, 2008, at 10:00 a.m.** at the United States Bankruptcy Court, U.S. Courthouse and Post Office Building, 300 Fayetteville Street, Room 208, Raleigh, North Carolina.

**SO ORDERED**.

**END OF DOCUMENT**